IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GEORGE W. MIDGETT and SUSIE MIDGETT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20-cv-00941 |
| GOVERNOR ROY ASBERRY COOPER III, in his individual capacity, et. al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

The Order and Recommendation of the of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on December 3, 2021, was served on the parties in this action. (Doc. 31.) Petitioner filed objections within the time limits prescribed by section 636. (Doc. 33.)

A more complete discussion of the underlying factual scenario alleged and procedural history is set out in the Order and Recommendation of the Magistrate Judge (Doc. 31), and this court's prior opinion (Doc. 24), and will not be repeated here. In short, all claims against thirty-six named Defendants across two agencies and the State's executive branch, including North Carolina Governor Roy A. Cooper, III, in addition to the four inmate Defendants, arise out of the deaths of four prison guards during an uprising at the Pasquotank Correctional Institution. The Magistrate Judge recommended that the court dismiss this action as

to inmate Defendants Mikel E. Brady II, Wisezah D. Buckman, and Jonathan M. Monk for failure to comply with the court's deadline to effectuate service of process.

This court is obliged to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. Id.

Here, the Midgetts argue that the Recommendation improperly found that (1) the Form AO 440 did not provide proof the complaint was delivered in accordance with Federal Rule of Civil Procedure 4(l), (2) the Midgetts could not rely on "FedEx Ground" as an authorized delivery service pursuant to 26 U.S.C. § 7502(f)(2), (3) there was no proof the summons and complaint were delivered to satisfy North Carolina Rule of Civil Procedure 4(j)(1)(d), and (4) the Midgetts failed to effectuate service by May 7 as directed in the court's April 14, 2021 Text Order. (Doc. 33 at 7.) Defendants Brady, Buckman, and Monk filed no response to the Midgetts' objections.

First, the Midgetts object that they properly relied on Form AO 440 to prove service of the complaint. (Id. at 7-9.) The Midgetts argue that the form's reference to the complaint on the

2

first page should be deemed incorporated into the server's affidavit on the second page. (See Doc 25-1 at 8-9.) However, the Midgetts do not cite to any legal authority for the contention that the second page of the Form AO 440 is sufficient to implicitly prove service of both the summons <u>and the complaint</u>.[1] Rather, courts uniformly require the affidavit to reflect service of both the summons and the complaint if each is not explicitly stated on the second page of the Form AO 440. <u>See, e.g.</u>, <u>Kawall v. New Jersey</u>, 678 F. App'x 86, 87 (3d Cir. 2017) (unpublished) (finding "no error in the denial of entry of default" for lack of service where plaintiff's affidavit of service stated "he had served only the summons, and not the complaint, as required by Fed. R. Civ. P. 4(c)(1)");[2] <u>Reaves v. RCS Capital Partners, Inc.</u>, No. 1:19-CV-

---

[1] Plaintiffs cite to <u>Roland v. Branch Banking & Tr. Corp.</u>, 149 F. Supp. 3d 61, 65-66 (D.D.C. 2015), for the assertion that "District Courts typically treat ambiguous returns of service as insufficient to rebut the presumption that service was proper." (Doc. 33 at 9.) However, the Midgetts' reliance on <u>Roland</u> is inapposite. <u>Roland</u> is a challenge by an actually-notified defendant to the sufficiency of service under Rule 12(b)(5), and not a failure of proof of service by the court's ordered deadline. The plaintiffs in <u>Roland</u> had previously satisfied their burden under Rule 4. (See Doc. 31 at 14 (noting that the "burden of proving service under Federal Rule of Civil Procedure 4 rests with Plaintiffs" (quoting <u>Lostutter v. Olsen</u>, No. 1:16CV1098, 2017 WL 3669557, at *4 (M.D.N.C. Aug. 24, 2017) (unpublished))).) Additionally, unlike the Midgetts, <u>Roland</u> concerned a *pro se* plaintiff, who the trial court afforded "some leniency in applying the rules for effecting service of process, particularly here, in which [defendant] was clearly put on notice of [plaintiff's] claims." <u>Roland</u>, 149 F. Supp. 3d at 66.

[2] Unpublished opinions of the Third Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See <u>City of Newark v. U.S. Dep't of Labor</u>, 2 F.3d 31, 33 n.3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential

3

02017-CC-AJB, 2020 WL 7395558, at *2 (N.D. Ga. Jan. 8, 2020) (finding that "Plaintiff has not demonstrated that he has made proper service upon Defendant" where "[t]he proof of service filed by Plaintiff provides that . . . the process server 'served the summons on' [defendant's agent] . . . but at the same time, the affidavit does not affirmatively state that Defendant's registered agent also was served with a copy of the complaint"), report and recommendation adopted, No. 1:19-CV-2017-CC-AJB, 2020 WL 7395559 (N.D. Ga. Jan. 28, 2020); Frazier-Alexis v. Superior Court of Virgin Islands, No. CV 16-81, 2019 WL 1466743, at *3 (D.V.I. Apr. 3, 2019) (finding "that Defendants were never properly served" where "Plaintiff filed an affidavit of service relating to only one of [his] attempts, and in that attempt, the affiant stated that he served only the summons"); Sumner v. Premier Financial & Credit Services, No. 117CV00264MLBAJB, 2018 WL 6726541, at *2 (N.D. Ga. Oct. 3, 2018) (unpublished) (dismissing a complaint under Rule 4(m) as "the amended affidavit of service *still* does not state that a copy of the complaint was served along with the summons"), report and recommendation adopted, No. 1:17-CV-00264, 2019 WL 8587213 (N.D. Ga. Nov. 25, 2019) (denying "an objection to the Magistrate Judge's [Recommendation] on the grounds that any defect in service was the result of Plaintiff's reliance on Form AO 440"

---

authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case.").

4

as plaintiff "fail[ed] to properly comply with the Magistrate Judge's show cause order and the Federal and Local Rules"); State Farm Fire & Casualty Co. v. Greichunos, No. 2:16-CV-389-PRC, 2017 WL 1856687, at *2 (N.D. Ind. May 9, 2017) (unpublished) ("The Proof of Service form [AO 440] does not indicate that a copy of the complaint was served on [defendant] as well.  However, in support of its response to the instant motion, [plaintiff] submits [the process server]'s sworn Affidavit, which provides that he served both the summons and complaint."); Seeberger v. Goodman, No. 2:14-CV-1063-GBW-WPL, 2015 WL 13659258, at *25 (D.N.M. Aug. 25, 2015) (unpublished) (finding that "Plaintiffs' attempts at service . . . fall short" where "Plaintiffs' Affidavits of Service do not indicate that a copy of the complaint was delivered," as the affidavits only "provid[e] that the person attempting service served only a 'copy of the Summons'"); but see Williams v. Martinez, 192 F. Supp. 3d 1, 5, n.9 (D.D.C. 2016) (granting a *pro se* party "the benefit of the doubt that both the Summons and a copy of the Complaint were duly served" when the form AO 440 "reference[d] an attached Complaint on the first page, but the second page 'Proof of Service' . . . mention[ed] only service of 'the summons' without specifically referencing any accompanying complaint").  Like the plaintiffs in Greichunos, the Midgetts should have filed a separate affidavit from the service processor attesting to the service of the complaint to satisfy the proof of

5

service requirements.  They did not.  Thus, the court finds that the objection does not alter the substance of the Recommendation.

Next, the Midgetts object to the Magistrate Judge's finding that "FedEx Ground" is not an authorized delivery service pursuant to 26 U.S.C. § 7502(f)(2), (3).  (Doc. 33 at 10-12.)  Rule 4 of the North Carolina Rules of Civil Procedure governs the service of process in North Carolina.  According to Rule 4, a plaintiff may serve a natural person by "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt." The Midgetts contend the Magistrate Judge's reliance on Organic Cannabis Foundation, LLC v. Commissioner of Internal Revenue is improper and fails to "adopt North Carolina's canon of liberality" when interpreting rules of civil procedure.  962 F.3d 1082, 1090 (9th Cir. 2020) (holding that 26 U.S.C. § 7502(f)(2) "does not allow taxpayers to use the services of *any* bona fide commercial courier," as it "specifies that a particular 'delivery service provided by a trade or business' will count as a 'designated delivery service' only 'if such service is designated by the Secretary [of the Treasury or his delegate] for purposes of this section'" (quoting 26 U.S.C. § 7502(f)(2))).  This argument is unavailing.

In Notice 2016-30, 2016-18 I.R.B. 676, the Internal Revenue

6

Service listed all private delivery services that have been designated by the Secretary under section 7502(f). Significantly, the Secretary did not include "FedEx Ground" service in its list of designated private delivery services. See Designation of Private Delivery Servs., 2016-18 I.R.B. 676 (2016) ("Section 7502(f) authorizes the Secretary to designate certain private delivery services . . . for the timely mailing treated as timely filing. . . . LIST OF DESIGNATED PDSs[:] . . . FedEx: 1. FedEx First Overnight 2. FedEx Priority Overnight 3. FedEx Standard Overnight 4. FedEx 2 Day 5. FedEx International Next Flight Out 6. FedEx International Priority 7. FedEx International First 8. FedEx International Economy"). Furthermore, as the Internal Revenue Service Notice makes clear:

> Only the specific delivery services enumerated in this list are designated delivery services for purposes of section 7502(f). DHL Express, FedEx, and UPS are not designated with respect to any type of delivery service not enumerated in this list. Taxpayers are cautioned that merely because a delivery service is provided by DHL Express, FedEx, or UPS, it does not mean that the service is designated for purposes of the timely mailing treated as timely filing/paying rule of section 7502.

Id. (emphasis added).

The Midgetts invoke the canon of construction *ejusdem generis* to argue that FedEx Ground is included in the Internal Revenue Service list. See State v. Fenner, 140 S.E.2d 349, 352 (N.C. 1965) ("[W]here general words *follow* a designation of particular subjects or things, the meaning of the general words will

7

ordinarily be presumed to be, and construed as, restricted by the particular designations and as including only things of the same kind, character and nature as those specifically enumerated.") (interpreting a criminal law). The Midgetts also rely on the general approach of North Carolina courts to interpret the North Carolina Rules of Civil Procedure liberally. See Excel Staffing Service, Inc. v. HP Reidsville, Inc., 616 S.E.2d 349, 352 (N.C. 2005) ("It is true that our Supreme Court instructed that when construing the Rules of Civil Procedure . . . that 'liberality is the canon of construction.'" (quoting Lemons v. Old Hickory Council, Boy Scouts of America, Inc., 367 S.E.2d 655, 657 (N.C. 1988))). However, the Midgetts' contentions to add "FedEx Ground" would be contrary to the Secretary's clear instruction that "FedEx . . . [is] not designated with respect to any type of delivery service not enumerated in this list." Designation of Private Delivery Services, 2016-18 I.R.B. 676 (2016). Furthermore, it would be plainly contrary to the statutory construction *expressio unius est exclusio alterius*, Ayes v. U.S. Department of Veterans Affairs, 473 F.3d 104, 110–11 (4th Cir. 2006) (defining the "time-honored maxim" as "the expression of one thing implies the exclusion of another"), and the North Carolina courts' approach of ensuring the rules governing service of process are "strictly enforced to insure that a defendant will receive actual notice of a claim against him." Grimsley v. Nelson, 467

8

S.E.2d 92, 94 (N.C. 1996). Thus, the court finds that the Midgetts' objection does not alter the substance of the Recommendation.

Next, the Midgetts object to the Magistrate Judge's finding that they failed to provide evidence showing "deliver[y] to the addressee." (Doc. 33 at 12-16; Doc. 31 at 24-25.) As discussed in the Magistrate Judge's Recommendation, if a plaintiff cannot obtain the signature of the prisoner or his agent, he must prove "actual receipt" through sufficient evidence, such as the admission by an incarcerated defendant he received the summons and complaint. See North Carolina Mutual Life Insurance Co. v. Stamford Brook Capital, LLC, No. 1:16CV1174, 2019 WL 4747851, at *4 (M.D.N.C. Sept. 27, 2019) (unpublished) (noting that, under Rule 4(j)(1)(d), "in order to properly effectuate service by 'delivering to the addressee,' a plaintiff must demonstrate that the summons and complaint were either (1) signed for by the addressee or her designated agent or (2) actually received by the addressee. This interpretation of Rule 4(j)(1)(d) helps to ensure that defendants will receive actual notice of the claims against them, without permitting technicalities to inhibit courts from reaching the merits when there is evidence that the summons and complaint were actually received" (citations omitted)); see also Hamilton v. Johnson, 747 S.E.2d 158, 163 (N.C. Ct. App. 2013) (holding that service was not proper to the addressee at a hotel

9

under Rule 4 without a showing by the plaintiff that the hotel concierge "was an agent authorized to accept service of process on defendant's behalf"); but see Washington v. Cline, 761 S.E.2d 650, 658 (N.C. Ct. App. 2014) (holding that "plaintiffs provided incontrovertible 'other evidence' under [N.C. Gen. Stat. § 1-75.10(a)(5)] that the summonses and complaints were 'in fact received' by the addressees" where plaintiffs "present[ed] the trial court with affidavits from defendants-appellees and [defendant] admit[ed] that they actually received the summonses and complaints after the service documents were addressed to them and sent through FedEx").[3]

---

[3] The Midgetts cite United States v. Real Property, Tree Top, 129 F.3d 1266 (6th Cir. 1997) (unpublished), for the assertion that "the Sixth Circuit does not require the government to show the mail actually reached an inmate in order to satisfy requirements of due process." (Doc. 33 at 15.) Tree Top is an unpublished Sixth Circuit case discussing whether a prisoner received adequate notice of a forfeiture proceeding by the government to satisfy Fifth Amendment due process. This case was later supplanted by the Supreme Court's decision in Dusenbery v. United States, holding that the government is not required to provide actual notice of its intent to forfeit seized property as long as its efforts to give notice are "reasonable[] under the circumstances." 534 U.S. 161, 167 (2002). Dusenbery applies a "straightforward test of reasonableness under the circumstances," id. at 167, and does not require actual notice to satisfy due process, id. at 170-71.

Even after Dusenbery, a split exists among the circuit courts regarding what constitutes adequate notice to prisoners. Some circuits, such as the Sixth, hold a presumption exists that "notice sent by mail to the institution in which the addressee-prisoner is housed" is reasonably calculated to apprise an incarcerated petitioner of the forfeiture action and thereby satisfy due process. See United States v. Brome, 942 F.3d 550, 553 (2d Cir. 2019) (noting that "[t]he First, Sixth, Seventh and Tenth Circuits have held that such a presumption exists when the notice is by certified mail to the proper prison facility") (collecting cases). However, the Fourth Circuit, along with the Second and Third, have no such presumption and instead "place the

10

Finally, the Midgetts challenge the Magistrate Judge's finding that they failed to effectuate service by May 7 as directed in the court's April 14, 2021 Text Order. (Doc. 33 at 16-17.) The Midgetts are correct that "[t]he record clearly shows that the Courier . . . signed the Proof of Service for each Defendant on May 7, 2021, and . . . that he hand-delivered the Summonses . . . to the FedEx location on May 7." However, their attempted application of the "mailbox rule" to provide for timely service of process is plainly incorrect. (Doc. 33 at 17.) See, e.g., Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that, under Rule 4(a)(1), a *pro se* prisoners' notices of appeal are "filed" with the court at the moment of delivery to prison authorities); cf. McCarty v. Astrue, 528 F.3d 541, 545 (7th Cir. 2008) (where

---

onus squarely on the Government to show that the correctional facility's internal procedures for delivering mail are reasonably calculated to notify the prisoner." Id. (also noting that the Eighth Circuit places a burden on the prisoner to prove the prison's mail delivery procedures are inadequate to be reasonably calculated to notify); United States v. Minor, 228 F.3d 352, 358 (4th Cir. 2000) ("We agree with the Third Circuit, however, that the focus of the inquiry should ordinarily be on the procedures employed, and that the government should not be required to prove that the prisoner in the particular case actually received notice. . . . the requirements of Due Process therefore likely depend not only on the reliability of the procedure employed, but on how reliably that procedure functions in the particular facility in which the prisoner is incarcerated, and on whether it would be substantially more burdensome for the government to employ a more reliable procedure.").
  Ultimately, the Midgetts' reliance on this line of cases is misplaced. The issue in Tree Top is a constitutional due process question in the forfeiture context, and not a question of what is required to demonstrate proper service under Rule 4. Even if the situations were analogous, however, Minor requires that the Midgetts submit evidence that the mail procedures at each facility are "reasonably calculated" to notify the prisoner.

attorney filed notice of appeal late, his belief that he had three additional days, after the "entry" of judgment, to file under Fed. R. Civ. P. 6(d) was "[a]n unaccountable lapse in basic legal knowledge" and did not constitute excusable neglect that would justify granting extension of time); see also Doshier v. Facebook, Inc., No. 4:18-CV-00628-KGB, 2019 WL 4784898, at *5 (E.D. Ark. Sept. 30, 2019) (unpublished) (rejecting plaintiffs' "effort to alter or shift their burden regarding service of process" by applying the common law mailbox rule); Rust v. Chino Prison Healthcare Providers, No. 517CV00556JAKKES, 2017 WL 2952924, at *3 (C.D. Cal. June 9, 2017) (unpublished) ("The prison mailbox rule determines the constructive filing date of an inmate's federal court filings, not the date of service of process on defendants."), report and recommendation adopted, No. EDCV1700556JAKKES, 2017 WL 2926023 (C.D. Cal. July 7, 2017) (unpublished); Grimsley, 467 S.E.2d at 94 (noting that the rules governing service of process are "strictly enforced to insure that a defendant will receive actual notice"). As the Magistrate Judge explained, "Simply put, Plaintiffs inexcusably failed to comply with the court order to serve Defendants by the extended deadline and Defendants Brady, Buckman, and Monk should be dismissed." (Doc. 31 at 27 (citation omitted).)

The court has thus considered all objections raised by the Midgetts. Having appropriately reviewed the portions of the

Magistrate Judge's report to which objections were made, and having made a de novo determination, the court finds no error and its conclusion accords with that of the Magistrate Judge. As the Magistrate Judge found, over the course of this litigation the Midgetts have had ample time to serve the Defendants or to provide the court with good cause for failing to follow the Federal Rules of Civil Procedure. They have repeatedly failed to do so. Even in their objections to the Magistrate Judge's report, the Midgetts do not provide good cause for failing to properly serve Defendants Brady, Buckman, and Monk. The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that the Recommendation is ADOPTED and this action is DISMISSED WITH PREJUDICE as to Defendants Brady, Buckman, and Monk pursuant to Federal Rule of Civil Procedure 4(m).

> /s/   Thomas D. Schroeder
> United States District Judge

March 16, 2022

13