IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GEORGE W. MIDGETT and SUSIE      )
MIDGETT,                         )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )   Case No.: 1:20-cv-00941
                                 )
GOVERNOR ROY ASBERRY COOPER      )
III, in his individual           )
capacity, et al.,                )
                                 )
            Defendants.          )
_____  )
                                 )
CURTIS R. CASPER, et. al.,       )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )   Case No.: 1:20-cv-00942
                                 )
GOVERNOR ROY ASBERRY COOPER      )
III, in his individual           )
capacity, et al.,                )
                                 )
            Defendants.          )
_____  )
                                 )
DYREL NOWELL, ADMINISTRATOR FOR  )
THE ESTATE OF AUDREY MOORE,      )
DYREL NOWELL, (individually),    )
CLINTON SKINNER, AND GEORGE      )
MOORE,                           )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )   Case No.: 1:20-cv-00943
                                 )
GOVERNOR ROY ASBERRY COOPER      )
III, in his individual           )
capacity, et al.,                )
                                 )
            Defendants.          )
_____  )

```
MELANIE MATHEWSON for the      )
ESTATE OF JUSTIN SMITH,        )
                               )
     Plaintiffs,               )
                               )
     v.                        )      Case No.: 1:20-cv-00944
                               )
GOVERNOR ROY ASBERRY COOPER    )
III, in his individual         )
capacity, et al.,              )
                               )
          Defendants.          )
_____)
                               )
ERIC DARDEN, on behalf of the  )
ESTATE OF VERONICA DARDEN,     )
                               )
     Plaintiff,                )
                               )
     v.                        )      Case No.: 1:20-cv-00947
                               )
GOVERNOR ROY ASBERRY COOPER    )
III, in his individual         )
capacity, et al.,              )
                               )
          Defendants.          )
_____)
TAMMY SHANNON, on behalf of the)
ESTATE of WENDY SHANNON,       )
                               )
     Plaintiff,                )
                               )
     v.                        )      Case No.: 1:20-cv-00952
                               )
GOVERNOR ROY ASBERRY COOPER    )
III, in his individual         )
capacity, et al.,              )
                               )
          Defendants.          )
_____)
```

2

ROSA SHANNON, TAMMY SHANNON,   )
and ARNETTA SHEARD,            )
                              )
      Plaintiffs,             )
                              )
      v.                      )    Case No.: 1:20-cv-00953
                              )
GOVERNOR ROY ASBERRY COOPER    )
III, in his individual         )
capacity, et al.,              )
                              )
      Defendants.             )
_____ )

**ORDER**

On September 30, 2022, the Recommendation of the United States Magistrate Judge, recommending dismissal, was filed with the court in each of the related captioned cases, except in case 1:20CV952, in accordance with 28 U.S.C. § 636(b) and was served on the parties in this action.

On October 3, 2022, the Recommendation of the United States Magistrate Judge, recommending dismissal, was filed with the court in case 1:20CV952, in accordance with 28 U.S.C. § 636(b) and was served on the parties in this action.

Plaintiff objected to the Recommendation in each of these related cases, except for case 1:20CV952.

In each of these related cases, Defendant Frazier is the last Defendant against whom claims have not been dismissed. These cases have been pending for some time, having originally been filed in 2019. See Darden v. Cooper, No. 1:19CV1050, 2020 WL5518508, Mem. Op. & Order (M.D.N.C. Sept. 14, 2020). The court is intimately

3

familiar with the claims having been made in the various iterations of the complaints, all of which have been – and continue to be – predicated on claims exclusively pursuant to 42 U.S.C. § 1983.

Ordinarily, sua sponte dismissal of a plaintiff's complaint is disfavored. Lewis v. New York, 547 F.2d 4, 5 (2d Cir. 1976). Rather, the court would await the motion of an opposing party. Here, however, Plaintiffs' claims have been found time and again to be meritless against all other Defendants, and those same fatal defects inhere in Plaintiffs' claims against the sole remaining Defendant, Frazier. Although Frazier is incarcerated and has not responded to the complaints, it is clear, for the reasons the court has already held as to the other Defendants and as outlined by the Recommendations of the Magistrate Judge, that Plaintiffs' putative § 1983 claims against Frazier present no arguably meritorious issue for the court's consideration. So, even were the court to be asked to enter default against Frazier, it would be constrained not to do so because the claims are meritless.

Where it is clear – as here – that a plaintiff's claims are meritless, the court can – indeed, should - exercise its sound discretion, after great circumspection, to dismiss them. See Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08, (1989) (noting court's authority to dismiss frivolous or malicious action even in absence of a specific statutory provision); Fitzgerald v. First East Seventh St. Tenants Corp.,

4

221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints sua sponte, even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."); Rolle v. Berkowitz, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (sua sponte dismissal in fee-paying pro se case is warranted where the claims presented no arguably meritorious issue to consider); see also Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid").[1]

As to each case except case 1:20CV952, the court has appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and has made a *de novo* determination in accord with the Magistrate Judge's report. (See case 1:20CV941 – Text Recommendation dated Sept. 30, 2022; case 1:20CV942 – Text Recommendation dated Sept. 30, 2022; case 1:20CV943 – Text Recommendation dated Sept. 30, 2022; case 1:20CV944 – Text Recommendation dated Sept. 30, 2022; case 1:20CV947 – Text Recommendation dated Sept. 30, 2022; case

---

[1] Unpublished opinions of the Fourth Circuit are not precedential and are cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

1:20CV953 – Text Recommendation dated Sept. 30, 2022.) The court therefore adopts the Magistrate Judge's Recommendation in each of those cases.

As to case 1:20CV952 in which no objection was filed, the court has appropriately reviewed the Magistrate Judge's Recommendation (Doc. 45 in that case), which will be adopted.

IT IS THEREFORE ORDERED that each of these actions is DISMISSED as to Defendant Seth J. Frazier (a) based on the same lack of prudential standing noted in this court's October 26, 2021 Memorandum Order that resulted in the dismissal of all claims against other Defendants, and (b) based on the lack of factual allegations sufficient to establish state action by Defendant Frazier, an inmate at the time of the events of this action, as required by 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that Plaintiffs' objections are deemed meritless as to the dismissal of their claim(s) against Defendant Frazier on the grounds that (a) the court denied a prior attempt to amend pleadings for a second time; and (b) the court should allow yet another attempt to amend pleadings. The court denied the proposed amendment because of its futility, and Plaintiffs, who continue to press a theory of liability predicated solely on 42 U.S.C. § 1983, have not shown that they could propose any amendment which would not similarly fail as a matter of law.

The Clerk of Court is directed to file this Order in each of

6

the captioned cases.

                                          /s/   Thomas D. Schroeder
                                      United States District Judge

December 21, 2022