```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
GEORGE MIDGETT and              )
SUSIE MIDGETT,                  )
                                )
          Plaintiffs,           )
                                )
v.                              )   1:20CV941
                                )
GOVERNOR ROY ASBERRY COOPER, III,)
In his individual capacity, et al., )
                                )
          Defendants.           )
```

## MEMORANDUM ORDER

This matter is before the court on Plaintiffs' Motion for Extension of Time to File Notice of Appeal. (Doc. 61.) The Individual Defendants filed a response in opposition. (Doc. 62.)

The court entered final judgment on December 21, 2022. (Doc. 51.) Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiffs' notice of appeal was due to be filed no later than thirty days thereafter, on Friday January 20, 2023. However, Plaintiffs filed their notice of appeal on Monday January 23, 2023. (Doc. 52.)

The Individual Defendants moved to dismiss the appeal as untimely on January 27, 2023.[1] (Doc. 54.) Plaintiffs filed a one-page response on February 17, 2023. (Doc. 59.) In it, Plaintiffs

---

[1] Defendants mistakenly filed this motion in this court, rather than in the Fourth Circuit. On January 31, 2023, the Clerk's Office transmitted the motion to the Fourth Circuit for consideration. (See USCA4 Appeal: 23-1117, Doc. 9.)

stated that they filed a "Motion for Extension of Time to File Notice of Appeal" pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) based on "excusable neglect" "due to a calendaring error" and asked the court to rule on that motion before considering Defendants' motion to dismiss. (Id. at 1.) The response purported to "incorporate by reference the arguments" set out in the referenced motion for extension of time. (Id.) However, no such motion had been filed, and it was not until March 13, 2023, that Plaintiffs moved to extend the time for their tardy notice of appeal. (Doc. 61.)

Federal Rule of Appellate Procedure 4(a)(1) provides that in a civil lawsuit, a notice of appeal must be filed within 30 days of the entry of judgment. See Fed. R. App. P. 4(a)(1). Rule 4(a)(5) provides in relevant part:

> (5) *Motion for Extension of Time.*
> 
> (A) The district court may extend the time to file a notice of appeal if:
> 
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>> 
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Thus, pertinent here, a district court may extend the time to file a notice of appeal where the party (1) <u>moves for an extension no later than 30 days after the expiration of Rule 4(a)(1)'s deadline</u> and (2) shows "excusable neglect or good cause." Fed. R. App. P.

2

4(a)(5)(A)(ii) (emphasis added); see Washington v. Bumgarner, 882 F.2d 899, 900-01 (4th Cir. 1989) ("A district court may . . . extend the time for filing a notice of appeal, upon a showing of excusable neglect or good cause, so long as a motion for extension of time is filed no later than thirty days after expiration of the original appeal time.")

Because the court entered final judgment on December 21, 2022 (Doc. 51), Plaintiffs' notice of appeal was due to be filed by January 20, 2023. See Fed. R. App. P. 4(a)(1)(A). Upon a showing of excusable neglect or good cause for delay, Plaintiffs had until February 20, 2023, to file a motion for an extension of time in which to file a tardy appeal. See Fed. R. App. P. 4(a)(5)(A) (emphasis added). While Plaintiffs filed their notice of appeal on January 23, 2023, they did not file any motion for an extension of time to permit a tardy appeal until March 13, 2023 (Doc. 61), some 21 days after the February 20, 2023 deadline. Consequently, Plaintiffs' motion was untimely under Rule 4(a)(5), and therefore must be denied. See Teasley v. Joyner, 565 F. App'x 207 (4th Cir. 2014) (per curiam) (unpublished) (affirming district court's denial of untimely motion for extension of time to file notice of appeal);[2] Corado v. Reno, 10 F. App'x 221, 222 (4th Cir. 2001) (per

---

[2] While the Fourth Circuit does not ordinarily accord precedential value to its published opinions, it has noted that they "are entitled only to the weight they generate by the persuasiveness of their reasoning." Collins v. Pond Creek Mining, Co., 468 F.3d 213, 219 (4th Cir. 2006).

3

curiam) (unpublished) (affirming district court's order denying request for an extension to file an untimely notice of appeal because "the request itself was untimely"); Burrell v. 911 Restoration Franchise, Inc., 294 F. Supp. 3d 436, 438 (D. Md. 2018) (a motion for extension of time to file a notice of appeal is "only valid if filed no later than thirty days after the time prescribed by Rule 4(a) expires" which sometimes "work[s] a harsh result" given the rule's "exactitude").

Nor did Plaintiffs' late notice of appeal contain any language that could be interpreted as a request for additional time or otherwise provide any basis for inferring excusable neglect or good cause. Thus, it was a "bare notice of appeal." A "bare notice of appeal is not a motion," which is what Rule 4(a)(5) requires. Bumgarner, 882 F.2d at 901; see Smith v. Charleston Cnty. Sch. Dist., 318 F. App'x 193, 194 (4th Cir. 2009) (per curiam) (unpublished) ("A bare notice of appeal does not constitute a motion for an extension of time . . . if 'no request for additional time is manifest.'" (quoting Shah v. Hutto, 722 F.2d 1167, 1168-69 (4th Cir.1983) (en banc)); Martin v. Sullivan, 876 F.3d 235, 237 (6th Cir. 2017) ("[E]very circuit to have considered the issue has held that a notice of appeal does not serve as a 'motion' for purposes of Rule 4(a)(5).")

Plaintiffs' error is compounded by counsel's further neglect. On February 17, 2023, Plaintiffs filed a response opposing

4

Defendants' motion to dismiss in which Plaintiffs claimed to have filed – on the same day and in a separate filing - a Motion for Extension of Time to File Notice of Appeal based on "excusable neglect" for a "calendaring error." (Doc. 59 at 1.) Yet, characteristic of Plaintiffs' pleading problems that have plagued this case from the outset (see Docs. 3, 16, 24, 31, 36, 37, 50), no such motion was ever filed at that time; instead, it was not filed until March 13, 2023, almost a month later.[3] (Doc. 61.) The question, then, is whether the court should somehow construe "Plaintiffs' Opposition to Defendants' Motion to Dismiss Notice of Appeal" – as a motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). If so, then a motion was timely filed under Rule 4(a)(5)(A); if not, then Plaintiffs' March 13 motion is untimely.

Plaintiffs are represented by counsel, and counsel are bound by the rules of procedure. See In re O'Brien, 312 F.3d 1135, 1137 (9th Cir. 2002) ("The FRAP . . . are not optional suggestions . . . but rules that . . . are entitled to respect, and command compliance." (alterations in original) (internal quotation marks omitted)).[4] Here, the appellate rules dictate that a "motion" be

---

[3] Plaintiffs' Motion for Extension of Time to File Notice of Appeal argues only excusable neglect and not good cause. (Doc. 61 at 1, 2.)

[4] Cf. Myers v. Stephenson, 781 F.2d 1036, 1038-39 (4th Cir. 1986) (liberally construing a pro se litigant's letter, timely filed under Rule 4(a)(5), as a motion for an extension of the appeal period); Vang v. Weaver, No. 22-2063, 2023 WL 314163, at *1 (4th Cir. Jan. 19, 2023)

5

filed in compliance with proscribed deadlines. Fed. R. App. P. (a)(5)(A).[5] Plaintiffs' response in opposition to Defendants' motion to dismiss the appeal – which provides no factual grounds for inferring "excusable neglect" aside from a conclusory reference to a "calendaring error" - does not qualify. See <u>Sanders v. United States</u>, 113 F.3d 184, 186 (11th Cir. 1997) (noting that "a <u>formal motion</u> for extension of time . . . must be filed in the district court" (emphasis added)); <u>Hickey v. Scott</u>, 987 F. Supp. 2d 85, 90 (D.D.C. 2013) ("[D]istrict courts are not to extend the time to appeal based on informal applications."); <u>Alemu v. Dep't of for Hire Vehicles</u>, No. CV 17-1904 (RC), 2019 WL 2745067, at *1 (D.D.C. July 1, 2019) (declining to construe plaintiff's late notice of appeal and response to show cause order as motion for extension because "[r]equests for additional time to file an appeal must be made by motion and must be timely.") Accordingly, the court declines to construe Plaintiffs' response in opposition to Defendants' motion to dismiss (Doc. 59) as a motion for extension

---

(similar).

[5] Rule 4(a)(5)(A) allows a court to grant a party an extension of time to file an appeal "<u>if a party so moves</u> . . . after the time prescribed by this Rule 4(a) expires[.]" Fed. R. App. P. 4(a)(5)(A) (emphasis added). Prior to the 1979 amendments to the Federal Rules of Appellate Procedure, there was "a possible implication that . . . the district court may extend the time on the basis of an informal application." Fed. R. App. P. 4 advisory committee's note to the 1979 Amendment. The current version of Rule 4(a)(5)(A), however, requires an extension of time to be sought by motion. See <u>id.</u> (noting that "the application must be made by motion").

6

of time to appeal the final judgment under Rule 4(a)(5)(A).[6]

Alternatively, even assuming Plaintiffs' response could be said to qualify as a motion for extension of time to appeal, Plaintiffs have failed to show excusable neglect. "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996); see Agnew v. United Leasing Corp., 680 F. App'x 149, 155 (4th Cir. 2017) (unpublished). "[A] district court should find excusable neglect only in the extraordinary cases where injustice would otherwise result." Thompson, 76 F.3d at 534 (internal quotation marks omitted). Whether neglect is "excusable" is "an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see Thompson, 76 F.3d at 533 (applying Pioneer factors to Rule 4(a)(5)). The most important

---

[6] While failure to pay the filing fee does not render a notice of appeal ineffective, Parissi v. Telechron, Inc., 349 U.S. 46, 46–47 (1955) (per curiam), Plaintiffs' failure to pay the appeal fee until March 10, 2020 (Doc. 60), certainly fails to support any contention that Plaintiffs' response should be construed as a motion to extend time for appeal.

7

factor for determining whether "neglect" is "excusable" is "the reason for the failure to file the notice of appeal within thirty days of the entry of judgment." Thompson, 76 F.3d at 534; see Fernandes v. Craine, 538 F. App'x 274, 276 (4th Cir. 2013) (per curiam) (unpublished). "'[A] mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing[.]'" Thompson, 76 F.3d at 534 (4th Cir. 1996) (quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d Cir. 1985) (Friendly, J.)).

Here, the first two Pioneer factors, prejudice and delay, favor Plaintiffs. The fourth factor, whether the movant acted in good faith, is "rarely material . . . in excusable neglect cases." Symbionics Inc. v. Ortlieb, 432 F. App'x 216, 219 (4th Cir. 2011) (per curiam) (unpublished). Nevertheless, nothing in the record indicates that Plaintiffs failed to act in good faith by filing the notice of appeal one business day late. Hence, these three factors favor Plaintiffs. However, the third and most important factor, the reason for the delay, favors Defendants. Plaintiffs' calendaring error is "precisely the sort of 'run-of-the-mill inattentiveness by counsel' that the Fourth Circuit 'has consistently declined to excuse.'" Losa v. Ghisolfi, 484 F. Supp. 3d 268, 273 (E.D.N.C. 2020) (quoting Symbionics, 432 F. App'x at 220); see Agnew, 680 F. App'x at 155. Based on all the factors, therefore, the court finds that Plaintiffs have failed to establish

8

the excusable neglect necessary for an extension of time, even if their February 17, 2023 response could be construed as such.

For these reasons, therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Extension of Time to File Notice of Appeal (Doc. 61) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

March 21, 2023